IN THE UNITED STATES DISTRICT COURT FOR THE FILED
EASTERN DISTRICT OF OKLAHOMA

MAR - 6 2009

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

JEMAINE MONTEIL CANNON, )
)
Plaintiff, )
)
v. ) No. CIV 08-192-RAW-SPS
)
CHESTER MASON, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration plaintiff's complaint [Docket #1], the defendants' motion [Docket #18], plaintiff's response [Docket #19], and the defendants' replies [Docket #21 and #22].

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC), who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at that facility. The defendants are Chester Mason, OSP Health Services Administrator; Dr. Stewart, OSP physician; and Dr. Miller, OSP provider for optometry services.[1]

Plaintiff alleges that on March 15, 2007, he submitted a request form to his case

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

manager to forward to the defendants. The request was for access to his medical records for a medical record review, but the request was not answered. On June 25, 2007, plaintiff submitted another request to Defendant Chester Mason asking why he had not received the requested access to his medical records, but plaintiff still did not get the access he wanted. On March 18, 2008, plaintiff submitted a grievance to Chester Mason on the same issue, but Mason never responded.

Plaintiff contends he is being subjected to the arbitrary and capricious determinations by the defendants in their denial of access to his medical records. He, therefore, maintains he has been subjected to cruel and unusual punishment, in violation of the Eighth Amendment.

The defendants have moved for dismissal, alleging plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549

2

U.S. 199 (2007). Proper exhaustion under the PLRA contemplates full compliance with all agency deadlines, including the deadlines enumerated in a prison's grievance procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

According to DOC Policy OP-090124, "Inmate/Offender Grievance Process," an inmate first must attempt to resolve his complaint informally. If communication with staff is unsuccessful, he may submit a Request to Staff within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance to the reviewing authority or facility correctional health services administrator, whichever is appropriate, within 15 calendar days of the incident or of the date of the response to the Request to Staff, whichever is later. The reviewing authority may extend the submission period up to 60 days for good cause. The inmate may appeal the grievance response to the administrative review authority or chief medical officer, whichever is appropriate, within 15 calendar days of receipt of the grievance response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

Although plaintiff claims he submitted two requests and a grievance on the issue of access to his medical records, the special report shows he has failed to properly and timely file a grievance appeal regarding this matter. Debbie Morton, Administrative Programs Officer of DOC's Administrative Review Unit, states by affidavit that plaintiff did not submit any type of grievance correspondence to her office between September 2000 and July 16, 2008. Mike Murray, DOC Medical Services Nurse Manager, also has submitted an affidavit stating he has reviewed the offender medical grievance log and the individual offender grievance files maintained by the Medical Services office. According to Mr. Murray, the

3

medical appellate review authority did not receive any properly submitted grievance appeals from plaintiff between November 30, 2007, and July 15, 2008. The court, therefore, finds plaintiff has failed to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

The defendants also have asked the court to find that plaintiff's complaint is frivolous or malicious. They allege one of plaintiff's prior civil rights complaints was dismissed for failure to exhaust administrative remedies, so he should have been aware of the requirements of 42 U.S.C. § 1997e. *See Cannon v. Mason*, No. CIV-07-127-FHS-SPS (E.D. Okla. Dec. 19, 2007), *aff'd* No. 08-7005 (10th Cir. July 17, 2008). This court since has dismissed another of plaintiff's complaints for the same reason. *See Cannon v. Mason*, No. CIV-08-189-FHS (E.D. Okla. Nov. 17, 2008), *appeal docketed*, No. 08-7117 (10th Cir. Dec. 9, 2008). Both of these dismissed cases concerned plaintiff's complaints about his medical care at OSP.

The defendants further point out that, in addition to this case now at issue and the two cases cited above, in 2008 plaintiff filed five other cases in this court, all of which concerned his medical treatment at OSP. *See Cannon v. Wright*, No. CIV 08-130-RAW-SPS; *Cannon v. Mason*, No. CIV 08-148-RAW-SPS; *Cannon v. Mason*, No. CIV 08-188-RAW; *Cannon v. Mason*, No. CIV 08-191-RAW-SPS; and *Cannon v. Mason*, No. CIV 08-193-RAW-SPS. According to the defendants, all of these cases were filed before plaintiff exhausted his administrative remedies, so all should fail. The defendants maintain plaintiff's filing of these deficient actions is a form of harassing the medical staff at OSP, and this complaint should be dismissed as frivolous or malicious.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not

4

relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff's only claim in this case is that he was denied access to his medical records for a medical record review. While inmates have a constitutional right to access to medical care, *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), plaintiff has failed to present authority for an Eighth Amendment right to review his medical records. The court finds this claim is meritless.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #18] is GRANTED,

5

and this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED** this 6th day of March 2009.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**